**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

**CIVIL ACTION NO.**

---

**KERI PEW AS SOON TO BE APPOINTED SPECIAL PERSONAL REPRESENTATIVE OF THE ESTATE OF A.B.,**
**KERI PEW INDIVIDUALLY, KERI PEW AS MOTHER**
**AND NEXT FRIEND OF L.P., A.P., AND E.P., AND**
**MICHAEL BABINE**

        **Plaintiffs**

v.

**BEXCO ENTERPRISES, INC. D/B/A MILLION DOLLAR BABY**

        **Defendant**

---

**PLAINTIFFS' AMENDED COMPLAINT AND CLAIM FOR**
**TRIAL BY JURY ON ALL COUNTS**

## JURISDICTION

1. Jurisdiction is conferred by 28 United States Code 1332, as the parties herein are of diverse citizenship (Massachusetts plaintiffs and a California defendant) and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction over the defendant is further conferred pursuant to Massachusetts General Laws Chapter 223A. Venue resides in the Eastern Division of the United States District Court, District of Massachusetts.

## PARTIES

2. The plaintiff, Keri Pew as soon to be appointed Special Personal Representative of the Estate of A.B. (hereinafter "The Estate") brings this action. At all material times, the decedent, A.B. was a minor and the child of Keri Pew and resided with her at 93 Bellevue Ave., Haverhill, Essex County, Commonwealth of Massachusetts.

3. The plaintiff, Keri Pew as mother and next friend of L.P., A.P., and E.P. brings this action. At all material times, L.P., A.P., and E.P. were the minor and the children

of Keri Pew and the biological siblings of A.B. and resided with them at 93 Bellevue Ave., Haverhill, Essex County, Commonwealth of Massachusetts.

4. The Plaintiff Michael Babine at all relevant times hereto was the spouse of Keri Pew and the father of A.B. and resided with them at 93 Bellevue Ave., Haverhill, Essex County, Commonwealth of Massachusetts.

5. The Plaintiff Keri Pew, Individually, at all relevant times hereto was the spouse of Michael Babine and the mother of A.B., L.P., A.P., and E.P., and resided with them at 93 Bellevue Ave., Haverhill, Essex County, Commonwealth of Massachusetts.

6. The defendant, Bexco Enterprises, Inc., d/b/a Million Dollar Baby Co. ("Bexco") at all material times was a foreign corporation and located at 8700 Rex Road, Pico Rivera, California, doing business within the Commonwealth of Massachusetts. At all material times, the Bexco was the manufacturer/designer/distributor/retailer of the Million Dollar Baby crib model number 5501 that caused the death of A.B. made in the People's Republic of China. The defendant, Bexco was also a foreign corporation incorporated in California.

## FACTS

7. On or before August 13, 2017, Keri Pew and/or Michael Babine utilized the Million Dollar Baby ("MDB") Crib model number 5501 for their infant son A.B. as indicated by the manufacturer's manual purchased by their social worker in the Commonwealth of Massachusetts.

8. At all material times hereto the MDB crib model number 5501 was negligently manufactured and/or designed so that an infant could become stuck between the mattress and the wooden boards and suffocate.

9. On August 13, 2017 Michael Babine placed A.B. into the MDB crib.

10. On August 13, 2017 at approximately 23:31 Keri Pew returned home and found A.B. stuck between the mattress and the wooden boards of the MDB crib not breathing.

11. Upon finding A.B. not breathing, Keri Pew immediately called emergency services and police and EMS were dispatched.

12. Upon arrival, the Haverhill police officers began two-man CPR on A.B. and thereafter he was transported via ambulance to Merrimack Valley Holy Family Hospital.

13. On April 14, 2017 at 00:40 A.B. was pronounced dead.

14. Sideboards and the space between the mattress and the sides of the crib should be minimal and uniform throughout the crib in accord with good safety engineering design and/or performance practice to reduce the probability of an infant becoming stuck and injured and/or suffocating.

## COUNT I
### KERI PEW AS SOON TO BE APPOINTED SPECIAL PERSONAL REPRESENTATIVE OF THE ESTATE OF A.B. v. BEXCO ENTERPRISES, INC.
(NEGLIGENCE/WRONGFUL DEATH/G.L.c. 229, §2)

15. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 14 of the plaintiffs' complaint.

16. This action is brought to recover for the wrongful death of A.B. for the benefit of his beneficiaries, pursuant to G.L. c. 229, §2 et seq.

17. At all material times the defendant, Bexco Enterprises, Inc., was engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing, sale, and distribution of the MDB Crib Model Number 5501.

18. The defendant, Bexco Enterprises, Inc. negligently designed, developed, assembled, manufactured, tested, inspected, packaged, promoted, advertised, marketed, sold, and distributed a hazardous crib to the Plaintiffs' social worker.

19. As a direct and proximate cause of the negligence of the defendant, Bexco Enterprises, Inc. its agents, servants, and/or employees in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing, sale, and distribution of the MDB crib model number 5501, A.B., while using the crib in its intended manner, became stuck between the mattress and the crib frame and was suffocated and died.

20. By reason of the death of A.B., his beneficiaries and estate have suffered damages including but not limited to funeral and burial expenses, loss of services, protection, care, assistance, society, companionship, comfort, guidance, and counsel.

WHEREFORE, the plaintiff, Keri Pew as soon to be appointed personal representative of the Estate of A.B. demands judgment in its favor against the defendant, Bexco Enterprises, Inc. for negligence in an amount of money to be determined by a jury, plus interest and costs.

## COUNT II
### KERI PEW AS SOON TO BE APPOINTED SPECIAL PERSONAL REPRESENTATIVE OF THE ESTATE OF A.B. v. BEXCO ENTERPRISES, INC.
(BREACH OF WARRANTY)

21. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 20 of the plaintiffs' complaint.
22. The defendant Bexco Enterprises, Inc. warranted its crib model 5501 to be of merchantable quality, safe and appropriate for its reasonable and foreseeable uses.

23. The MDB crib model number 5501 manufactured, designed, sold, and/or distributed by Bexco Enterprises, Inc. to Keri Pew and Michael Babine was in breach of all    implied and express warranties by reason of its being unsafe and inappropriate for its reasonable and foreseeable uses and not of merchantable quality, by reasons including inadequate manufacture, design, and/or instructions or warnings to the buyers and/or foreseeable users of said crib.

24. As a direct and proximate cause of breach of said warranties by the defendant Bexco Enterprises, Inc. its agents, servants, and/or employees, in    the sale, design, manufacture and/or testing of said crib, and/or due to the    defendant Bexco Enterprises, Inc.'s failure to warn foreseeable purchasers and/or users of said dangerous design, and/or due to the defendant Bexco Enterprises, Inc.'s failure to provide reasonable safety features for its crib and    failure to adequately warn about the dangers inherent in its use, A.B., while using the crib in its intended manner, became stuck between the mattress and the crib frame and was suffocated and died.

25. By reason of the death of A.B., his beneficiaries and estate have suffered damages including but not limited to funeral and burial expenses, loss of services, protection, care, assistance, society, companionship, comfort, guidance, and counsel.

    WHEREFORE, the plaintiff, Keri Pew as soon to be appointed personal representative of the Estate of A.B. demands judgment against Bexco Enterprises, Inc. pursuant to Mass. Gen. L. c. 106 §§2-607, 2-313, 2-314, and 2-315 for breach of warranty in an amount to be determined by a jury, plus interest and costs.

## COUNT III
### KERI PEW v. BEXCO ENTERPRISES, INC.
(LOSS OF CONSORTIUM)

26. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 25 of the plaintiffs' complaint.

27. As a direct and proximate result of the negligence, breach of warranty and carelessness of the defendant, Bexco Enterprises, Inc., the plaintiff Keri Pew, the mother of A.B., has been deprived of the full services, society and affection of her son.

WHEREFORE, the plaintiff, Keri Pew, prays judgment in her favor against the defendant, Bexco Enterprises, Inc. for loss of consortium in an amount of money to be determined by a jury, plus interest and costs.

## COUNT IV
### MICHAEL BABINE v. BEXCO ENTERPRISES, INC.
(LOSS OF CONSORTIUM)

28. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 27 of the plaintiffs' complaint.

29. As a direct and proximate result of the negligence, breach of warranty and carelessness of the defendant, Bexco Enterprises, Inc., the plaintiff Michael Babine, the father of A.B., has been deprived of the full services, society and affection of his son.

WHEREFORE, the plaintiff, Michael Babine, prays judgment in his favor against the defendant, Bexco Enterprises, Inc. for loss of consortium in an amount of money to be determined by a jury, plus interest and costs.

## COUNT V
### KERI PEW AS MOTHER AND NEXT FRIEND OF L.P. v. BEXCO ENTERPRISES, INC.
(LOSS OF CONSORTIUM)

30. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 29 of the plaintiffs' complaint.

31. As a direct and proximate result of the negligence, breach of warranty and carelessness of the defendant, Bexco Enterprises, Inc., the plaintiff L.P. by his mother and next friend Keri Pew, the brother of A.B., has been deprived of the full services, society and affection of his brother

WHEREFORE, the plaintiff, Keri Pew as mother and next friend of L.P., prays judgment in her favor against the defendant, Bexco Enterprises, Inc. for loss of consortium in an amount of money to be determined by a jury, plus interest and costs.

## COUNT VI
### KERI PEW AS MOTHER AND NEXT FRIEND OF A.P. v. BEXCO ENTERPRISES, INC.
(LOSS OF CONSORTIUM)

32. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 31 of the plaintiffs' complaint.

33. As a direct and proximate result of the negligence, breach of warranty and carelessness of the defendant, Bexco Enterprises, Inc., the plaintiff A.P. by his mother and next friend Keri Pew, the brother of A.B., has been deprived of the full services, society and affection of his brother

WHEREFORE, the plaintiff, Keri Pew as mother and next friend of A.P., prays judgment in her favor against the defendant, Bexco Enterprises, Inc. for loss of consortium in an amount of money to be determined by a jury, plus interest and costs.

## COUNT VII
### KERI PEW AS MOTHER AND NEXT FRIEND OF E.P. v. BEXCO ENTERPRISES, INC.
### (LOSS OF CONSORTIUM)

34. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 33 of the plaintiffs' complaint.

35. As a direct and proximate result of the negligence, breach of warranty and carelessness of the defendant, Bexco Enterprises, Inc., the plaintiff E.P. by his mother and next friend Keri Pew, the brother of A.B., has been deprived of the full services, society and affection of his brother

WHEREFORE, the plaintiff, Keri Pew as mother and next friend of E.P., prays judgment in her favor against the defendant, Bexco Enterprises, Inc. for loss of consortium in an amount of money to be determined by a jury, plus interest and costs.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

The plaintiffs,
By their attorney,

/s/ Ingrid A. Halstrom

Ingrid A. Halstrom
BBO# 694272
Frederic N. Halström
BBO# 218420
P.O. Box 121203
Boston, MA  02112-1203
Dated: August 13, 2010                               (617) 262-1060
Ingrid.halstrom@halstrom.com
office@halstrom.com